FILED

1  Armen Kiramijyan (State Bar No. 276723)
2  Email: consumerlitigationteam@kaass.com

2013 JAN 16 PM 3: 42

3  **KAASS LAW**
   313 East Broadway, Ste "944"
4  Glendale, California 91209
5  Tel. 310.943.1171

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

6  Attorney for Plaintiff
7  VAAGN VARTANIAN

8
9              UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA

10  VAAGN VARTANIAN,  an individual;  )  Case No.: 2:12-cv-08358-ODW-(AJWx)
11              Plaintiff,            )
                                      )  **FIRST AMENDED COMPLAINT**
12      vs.                           )  **FOR:**
13  PORTFOLIO RECOVERY                )
    ASSOCIATES, LLC, a Delaware Limited )  1. **Willful Violations of Federal Fair**
14  Liability Company,                )     **Credit Reporting Act, 15 U.S.C. §**
15                                    )     **1681s-2(b);**
            Defendant.                )  2. **Negligent Violations of Federal**
16                                    )     **Fair Credit Reporting Act, 15**
                                      )     **U.S.C. § 1681s-2(b);**
17                                    )  3. **Intentional Violations of**
18                                    )     **California Consumer Credit**
                                      )     **Reporting Agencies Act, Cal. Civ.**
19                                    )     **Code § 1785.25(a);**
20                                    )  4. **Negligent Violations of California**
                                      )     **Consumer Credit Reporting**
21                                    )     **Agencies Act, Cal. Civ. Code §**
                                      )     **1785.25(a);**
22                                    )  5. **Violations of Federal Fair Debt**
23                                    )     **Collection Practices Act, 15**
                                      )     **U.S.C. §§ 1692(e), 1692(f) and**
24                                    )     **1692(g);**
25                                    )  6. **Violation of California Rosenthal**
                                      )     **Fair Debt Collections Practices**
26                                    )     **Act, Cal. Civ. Code § 1788.17.**
                                      )  7. **Defamation by Libel**
27                                    )
28  _____  )  **JURY TRIAL DEMANDED**

1

Plaintiff, through counsel, alleges:

## NATURE OF ACTION

This is a private action brought by an individual consumer under Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts: Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over the State claims under 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to Plaintiff's action occurred in the State of California in the Central District of California, where Plaintiff resides in the said State and district, and where Defendant transacts business in said State and district.

## PARTIES

4.      Plaintiff, VAAGN VARTANIAN ("Plaintiff"), is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

7.      Defendant is a "furnisher of information" as referenced under 15 U.S.C. § 1681s-2 who, as part of its regular course of business, furnish information concerning consumers to the Credit Reporting Agencies.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), who at all relevant times were engaged in the business of collecting consumer debt, as defined by 15 U.S.C. § 1692a(5). A true and correct copy of Defendant's

1    official webpage is attached hereto as Exhibit A attesting to this fact.

2        9.    When a reference in this First Amended Complaint is made to any act or

3    omission of Defendant's corporation, company, association, business entity, or partnership,

4    such allegation shall be deemed to mean that the Defendant and its owners, officers, directors,

5    agents, employees, or representatives did or authorized such act or omission while engaged in

6    the management, direction, or control of the affairs of Defendant and while acting within the

7    scope and course of their duties.

8                        **FACTUAL ALLEGATIONS**

9        10.    On or about August 16, 2010 Plaintiff, upon review of his credit report, noticed

10   an account (Acct. No. 4465400005922150) ("account") reported by Wells Fargo Bank.

11       11.    Since Plaintiff had never applied for or opened this account, he sent a letter to

12   Wells Fargo Bank on August 16, 2010, disputing the ownership of the account. A true and

13   correct copy of this letter is attached hereto as Exhibit B.

14       12.    Following this dispute, Wells Fargo Bank proceeded to delete the inaccurate

15   account from Plaintiff's credit reports maintained by Equifax, TransUnion, Experian, and

16   Innovis. Wells Fargo Bank sent a letter to Plaintiff, dated October 12, 2010, confirming this

17   deletion. A true and correct copy of this letter is attached hereto as Exhibit C.

18       13.    As of September 21, 2011, the account was not reported on Plaintiff's credit

19   reports. In fact there were no potentially negative credit items appearing on Plaintiff's credit

20   file. A true and correct copy of Plaintiff's credit report dated September 21, 2010 is attached

21   hereto as Exhibit D.

22       14.    On or about March of 2012, Plaintiff obtained his credit reports maintained by

23   the three major credit reporting agencies: Experian, Equifax, and TransUnion (collectively

24   "CRAs"). Upon review of the information contained in his credit reports, Plaintiff discovered

25   an account (Account#44654000592...) ("collection account") in derogatory status reported by

26   Defendant.

27       15.    After careful review of the collection account, Plaintiff notice that the collection

28   account reported by Defendant was the same account Wells Fargo Bank previously reported

1  and subsequently deleted.

2  16.  Puzzlingly, Defendant's reported the collection account nearly two years *after*

3  the original creditor, Wells Fargo Bank, deleted the same account.

4  17.  Consequently, on or about March 30, 2012, pursuant to 15 U.S.C. § 1681i(a)(1),

5  Plaintiff submitted written disputes to the CRAs stating that the collection account does not

6  belong to him, and, as such, it is inaccurately reported to his credit reports.

7  18.  Based on information and belief, the CRAs contacted Defendant about Plaintiff's

8  dispute of the collection account.

9  19.  Following the submission of his credit bureau disputes, Plaintiff mailed a dispute

10  letter to Defendant on or about April 13, 2012, requesting validation of the purported debt and

11  verification of the collection account as reported to CRAs. Specifically, Plaintiff requested

12  proof of his ownership of the account and his responsibility for the debt, the accuracy of the

13  amount of this alleged debt, and Defendant's direct legal right over the collection of this debt.

14  Plaintiff requested deletion of the inaccurate collection account reported by Defendant in the

15  absence of such validation.

16  20.  Because Defendant is a third party debt collector, it had an obligation to

17  communicate with Plaintiff regarding the alleged debt prior to its credit reporting. Defendant,

18  however, failed to comply with this obligation. Consequently, Defendant had reported debt to

19  the CRAs without notice and validation.

20  21.  Several days following Plaintiff's credit bureau dispute, updated credit reports

21  showed that Defendant tenaciously continued reporting the collection account to CRAs. This

22  continued reporting persisted in the absence of a debt, let alone any documents substantiating

23  its validity.

24  22.  On or about May 14, 2012, Plaintiff sent a second letter to Defendant, through

25  his authorized agent, to follow up on his dispute and previous request for production of

26  documents to validate the debt. Defendant failed to respond properly or at all to Plaintiff's

27  follow-up request and again failed to produce any proof of validity.

28  23.  On or about June 11, 2012, Plaintiff sent a third letter to Defendant, through his

4

1  authorized agent, notifying of Defendant's failure to validate or delete the disputed collection
2  account. Defendant once again failed to address Plaintiff's request.

3      24.   As of August 1, 2012, Defendant was still reporting the collection account on
4  Plaintiff's credit reports as a negative credit item. A true and correct copy of Plaintiff's credit
5  report dated August 1, 2012 is attached hereto as Exhibit E.

6      25.   Plaintiff submitted three (3) separate letters to Defendant requesting proof of
7  investigation and validation of the collection account. Defendant, however, repeatedly and
8  continuously disregarded these requests and failed to produce such proof. Defendant, yet,
9  tenaciously continued to report the inaccurate collection account on Plaintiff's credit reports
10  maintained by the CRAs.

11      26.   Defendant proceed to delete the inaccurate collection account from Plaintiff's
12  credit reports only after Defendant's violation of Federal and State laws, as alleged herein, and
13  only after Plaintiff's initiation of the instant action.

14      27.   As a result of Defendant's reporting of the inaccurate collection account,
15  Plaintiff's creditworthiness was negatively impacted. Defendant's conduct in turn caused
16  Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but
17  not limited to the following:

18      a. Actual damages caused by monetary losses relating to denials to obtain new
19      credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated
20      interest rates and finance charges;

21      b. Out of pocket expenses incurred as a result of communications with Defendant,
22      in addition to fees paid to attorneys and credit professionals for the assistance attained
23      in the process;

24      c. Emotional distress and mental anguish associated with derogatory credit
25      information reported by Defendant about Plaintiff to parties with access to Plaintiff's
26      credit reports;

27      d. Decreased credit rating and creditworthiness which resulted in denial to obtain
28      new credit, employment or housing on future attempts.

## FIRST COUNT

### (Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))

28.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

29.    Defendant knowingly, intentionally, and willfully disregarded its obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

30.    Defendant violated 15 U.S.C. § 1681s-2(b)(1) because it failed to conduct reasonable investigation of disputed collection account.

31.    Defendant violated 15 U.S.C. § 1681s-2 (b)(2) because it failed to take proper action of deletion of the inaccurate collection account within the statutorily mandated investigation period of thirty (30) days. Because Defendant failed to conduct reasonable investigation and prove the validity of the underlying debt of its collection account, the proper action would have been deleting the collection account rather than verifying it to CRAs.

32.    Defendant's violations actually and proximately caused Plaintiff's injuries.

33.    Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendant' are in violation of the FCRA.

34.    Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

## SECOND COUNT

### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

35.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

36.    Defendant negligently violated 15 U.S.C. § 1681s-2(b) because it breached its duty to report accurate credit information which actually and proximately caused Plaintiff's injuries.

37.    Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202,

1     that Defendant violated the FCRA.

2         38.     Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and

3     costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

4 **THIRD COUNT**

5 **(Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**

6         39.     Plaintiff repeats and repleads each and every allegation contained in all prior

7     paragraphs and incorporates the same herein by reference.

8         40.     Defendant knowingly, willfully, and intentionally disregarded its obligation to

9     accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from

10     reporting information that Defendant knew to be inaccurate or the accuracy of which was not

11     known nor verified at the time of furnishing. Defendant knew that the reporting of the

12     collection account is wrong because Wells Fargo Bank's deletion of the account proceeded

13     Defendant's reporting of the collection account.

14     Moreover, Plaintiff's dispute letters submitted to Defendant along with Defendant's failure

15     to prove the accuracy of its reporting put Defendant on notice that the information it

16     reported is inaccurate. As such, Defendant intentionally disregarded its obligation to

17     refrain from inaccurate reporting.

18         41.     Defendant's violations actually and proximately caused Plaintiff's injuries.

19         42.     As a result of the Defendant's violations of the CCRAA, Plaintiff suffered

20     personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is

21     entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); and punitive

22     damages for Defendant's willful noncompliance pursuant to Cal. Civ. Code §

23     1785.31(a)(2)(B).

24 **FOURTH COUNT**

25 **(Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**

26         43.     Plaintiff repeats and repleads each and every allegation contained in all prior

27     paragraphs and incorporates the same herein by reference.

28         44.     Defendant negligently breached its duty to report accurate credit information by

7

**FIRST AMENDED COMPLAINT**

1    disregarding its obligations under Cal. Civ. Code § 1785.25(a)— to refrain from reporting

2    information that Defendant should have known to be inaccurate or the accuracy of which was

3    not known nor verified at time of furnishing.

4         45.    Defendant's violations actually and proximately caused Plaintiff's injuries.

5         46.    As a result of the Defendant's violations, Plaintiff suffered personal humiliation,

6    embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages,

7    including court costs and attorney's fees; and pain and suffering, pursuant to Cal. Civ. Code §

8    1785.31(a)(1).

9    **FIFTH COUNT**

10   **(Violations of FDCPA, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g))**

11        47.    Plaintiff repeats and repleads each and every allegation contained in all prior

12   paragraphs and incorporates the same herein by reference.

13        48.    Defendant knowingly, willfully, and intentionally disregarded the notice and

14   disclosure requirements imposed under 15 U.S.C. § 1692g(a)—requiring Defendant to notify

15   Plaintiff of the purported debt and of Plaintiff's rights under the FDCPA. Defendant reported

16   the collection account without ever informing Plaintiff of any purported debt.

17        49.    Defendant knowingly, willfully, and intentionally failed to cease collection

18   activities upon notice of dispute. Specifically, Defendant disregarded Plaintiff's request for

19   debt validation and continued reporting the alleged debt to CRAs throughout the investigation

20   period and in the absence of validation in violation of 15 U.S.C. § 1692g(b).

21        50.    Defendant used false, deceptive, and misleading representation or means in its

22   attempts to collect purported debt from Plaintiff. Defendant falsely represented the character,

23   amount, or legal status of the purported debts to Plaintiff through CRAs in violation of 15

24   U.S.C. § 1692e(2). Namely, Defendant attributed a collection account to Plaintiff, falsely

25   claiming Plaintiff is in debt with Defendant.

26        51.    Defendant communicated to CRAs credit information which it knew or

27   should have known to be false and by failing to communicate that a disputed debt is

28   disputed in violation of 15 U.S.C. § 1692e(8). As it appears on Plaintiff's credit report

1  attached herein as Exhibit E, Defendant continued to report the collection account without

2  changing the status to "disputed."

3      52.    Defendant used unfair or unconscionable means in its attempts to collect an

4  alleged debt in violation of 15 U.S.C. § 1692f. Specifically, Defendant reported an inaccurate

5  and unverified debt in Plaintiff's name to coerce Plaintiff to make payments on an account that

6  Plaintiff did not apply for or open or had any responsibility or liability thereof.

7      53.    Defendant's violations actually and proximately caused Plaintiff's injuries.

8      54.    As a result of Defendant's violations of the FDCPA, Plaintiff prays for

9  declaratory relief that Defendant's conduct violated the FDCPA. Plaintiff is entitled to actual

10  damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. §

11  1692k(a)(2); and costs and attorney's fees per 15 U.S.C. § 1692k(a)(3).

12  **SIXTH COUNT**

13  **(Violation of RFDCPA, Cal. Civ. Code § 1788.17)**

14      55.    Plaintiff repeats and repleads each and every allegation contained in all prior

15  paragraphs and incorporates the same herein by reference.

16      56.    Defendant used false representations and unfair or unconscionable means in

17  attempt to collect its alleged debt from Plaintiff because it furnished, without notice, and

18  continued to report unverified debt in Plaintiff's name. By such reporting, Defendant falsely

19  inferred that Plaintiff was indebted with Defendant. Defendant's conduct was intended to

20  coerce Plaintiff into payment on an account that Plaintiff did not apply for or open or had any

21  responsibility or liability thereof.

22      57.    Moreover, Defendant provided no proof of validity or right to collection in

23  violation of Cal. Civil Code § 1788.17.

24      58.    Defendant's violations actually and proximately caused Plaintiff's injuries.

25      59.    As a result of Defendant's violations of the RFDCPA, Plaintiff suffered personal

26  humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to

27  actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages pursuant to Cal.

28  Civ. Code § 1788.30(b); and costs and attorney's fees per Cal. Civ. Code § 1788.30(c).

9

**SEVENTH COUNT**

**(DEFAMATION BY LIBEL)**

60.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

61.    Defendant repeatedly published or has caused to be published written material information it knew or should have known to be false. Specifically, Defendant is directly responsible for the reporting of unverified and inaccurate credit information about Plaintiff to the CRAs. Defendant's inaccurately published information was viewed by parties with access to Plaintiff's credit reports.

62.    The information disseminated via publication was made of and concerning the Plaintiff and was so understood by those who viewed the publication.

63.    Defendant's violations actually and proximately caused Plaintiff's injuries.

64.    The information is libelous in that it caused enormous harm to Plaintiff's creditworthiness defaming Plaintiff in the eyes of his current and potential creditors.

65.    The publication of Defendant's inaccurate and unverified collection account on Plaintiff's credit reports and repeated failure to correct such publication was done with malice to injure Plaintiff for the direct benefit of Defendant.

66.    Defendant acted with malice because Defendant knew of the falsity or recklessly disregarded the truth or falsity of its publication.

67.    Defendant knew that the reporting of the collection account is wrong because Wells Fargo Bank's deletion of the account proceeded Defendant's reporting of the collection account.

68.    Moreover, the three letters submitted by Plaintiff to Defendant disputing the existence, ownership, and accuracy of the collection account along with Defendant's failure to prove the accuracy of its reporting permit the inference that Defendant in fact entertained serious doubts as to the truth of its publication.

69.    Defendant is the only party in position to conduct reasonable investigation to confirm the accuracy of its publication. Defendant, however, failed to prove it took

**FIRST AMENDED COMPLAINT**

reasonable steps to verify the disputed collection account or that the debt was in fact validated.

70.    The Defendant's defamation of Plaintiff was willful, deliberate, knowing and/or with reckless disregard for the interest and rights of Plaintiff such as to justify an award of punitive damages against Defendant, among other relief.

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.  Actual damages;
2.  Statutory damages;
3.  Civil penalties;
4.  Legal fees and costs;
5.  Prejudgment and postjudgment interest;
6.  Punitive damages;
7.  Declaratory relief;
8.  For additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: January 16, 2013

KAASS LAW

By: _____
Armen Kiramijyan
Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

FIRST AMENDED COMPLAINT



**Portfolio**
**Recovery**
**Associates**

# About PRA

**About PRA**
Our Business
Management
Locations
Social Responsibility

Portfolio Recovery Associates, Inc. (PRA) is a market leader in the consumer debt purchase and collection industry. We also provide a broad range of business services to local governments, auto lenders, law enforcement, institutional investors, manufacturers and retailers. We employ more than 3,100 people throughout the United States and in the United Kingdom.



Download a PDF of the PRA corporate fact sheet.
> DOWNLOAD

### A Public Company with a Strong Record of Compliance

Our company was founded in 1996 and has been public since 2002, with shares traded on the NASDAQ Global Stock Market under the symbol "PRAA." We are distinguished by our strong focus on customer and client needs, continuous innovation, and a culture of transparency and compliance.

### Respecting Customers

PRA was founded on the premise that consumers who have fallen behind on their bills deserve to be treated fairly and with respect.  We realize that people face financial challenges from time to time.  Account representatives of our collection subsidiary, Portfolio Recovery Associates, LLC (PRA LLC), listen to customers to understand their individual needs and circumstances. PRA LLC works with customers to develop realistic, affordable repayment plans.



### Our Role in the Global Economy

PRA is an integral part of the financial receivables lifecycle. We have done business with most of the largest consumer lenders in the United States.  We purchase portfolios of past-due and defaulted debt from leading creditors.

Since 1996, PRA has acquired more than 30 million customer accounts.   By investing in the acquisition of these accounts, PRA provides capital to financial services companies, strengthening their ability to lend and more attractively price credit for all consumers.

Through our diversified businesses, we return millions of dollars to businesses and local governments annually.

**Portfolio Recovery Associates, Inc.**, 120 Corporate Boulevard, Norfolk, Virginia 23502, USA. (757) 519-9300.
Copyright © 2013 Portfolio Recovery Associates, Inc. All rights reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

13

FIRST AMENDED COMPLAINT

Vaagn Vartanian
1413 ½ Kenneth Rd. Apt. 228
Glendale, CA 91201



August 16, 2010

Wells Fargo Bank
PO Box 5445
Portland, OR 97228

RE: Account # 446540000592....

Attention Wells Fargo Bank,

After checking my credit report recently, I discovered an account from Wells Fargo which is
inaccurately reporting to my credit file.

Please be advised that I did not ask to be on this account and I did not have any idea that such
an account was being reported to my credit file. I now dispute your reported information and
request substantial proof that I have any connection to this account. I request that you
provide me a contract or application bearing my signature, which makes me a legal
responsible party to this account.

The law provides furnishers of information with 30 days to investigate and reply back to the
consumer's dispute with the requested information. If you fail to respond back to my letter in
a timely manner, or fail to provide me the documentation I requested proving my involvement
in this account, then your reporting of it to my credit file will be unjustified and I will expect
its removal from my credit reports immediately. Be advised that deliberate delays of
consumer disputes and failure to remove inaccurate information from consumer's credit
reports are violations of the FCRA.

With regards,

Vaagn Vartanian

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

FIRST AMENDED COMPLAINT



Wells Fargo Card Services
Credit Bureau Disputes
P.O. Box 5445
Portland, OR 97228-5445

October 12, 2010

Vaagn Vartania
1413 1/2 Kenneth Rd Apt 228
Glendale CA 91201

Account Number:  4465 4000 0592 2150

Dear Customer:

This letter is to let you know that we have asked the four (4) credit reporting agencies used by
Wells Fargo Bank, N.A. Equifax, TransUnion, Experian, and Innovis to delete the credit card
account noted above from your credit file.

Please be aware that it generally takes the reporting agencies 4 to 6 weeks to have the change
reflected on your credit report. This letter can be used as temporary evidence of this update.

If you have any questions, please call us at 1-877-778-5697 Monday through Friday, from 8 a.m.
to 5 p.m., Pacific Time. Any of our representatives will be able to assist you.

Sincerely,

*Sheri Stringer*

Sheri Stringer
Credit Bureau Disputes Department
Specialized Portfolios and Services

CBD010-N  Rev. 11/04

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

**Experian**
*A world of insight*

Prepared for: **VAAGN V VARTANIAN**
Date: September 21, 2011
Report number:

Page 2 of 10

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Payment history legend

| | |
|---|---|
| **OK** | Current/Terms of agreement met |
| **30** | Account 30 days past due |
| **60** | Account 60 days past due |
| **90** | Account 90 days past due |
| **120** | Account 120 days past due |
| **150** | Account 150 days past due |
| **180** | Account 180 days past due |
| **CRD** | Creditor received deed |
| **FS** | Foreclosure proceedings started |
| **F** | Foreclosed |
| **VS** | Voluntarily surrendered |
| **R** | Repossession |
| **PBC** | Paid by creditor |
| **IC** | Insurance claim |
| **G** | Claim filed with government |
| **D** | Defaulted on contract |
| **C** | Collection |
| **CO** | Charge off |
| **CLS** | Closed |
| **ND** | No data for this time period |

### Public Records



## Your accounts in good standing

These items may stay on your credit report for as long as they are open. Once an account is closed or paid off it may continue to appear on your report for up to ten years.

### Credit items

Date opened
First reported
Date of status

Type
Terms
Monthly payment

Credit limit or original amount
High balance

Recent balance

Responsibility
Status

Creditor's statement

0001273093

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

FIRST AMENDED COMPLAINT



# Experian
## A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Credit Score |

## Potentially Negative Items or Items for Further Review

? What does potentially negative or items for further review mean?

? What if I think listed accounts are duplicates?

? What if I feel there is an error?

Experian credit report prepared for
**VAAGN VARTANIAN**

Your report number is

Report date: **August 01, 2012**

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights
Credit Fraud Center

⊙ Public Records     ⊙ Credit Items

**Public Records:**   Select the account name to review details



**Credit Items:** ' Select the account name to review details

**PORTFOLIO RECOVERY ASSOCIATES** ⊙

**Account Number:** 446540000592....
**Date Opened:** 06/2011
**Status:** Collection account.

©Experian 2012. All rights reserved.
Experian and the marks used herein are service marks or registered trademarks of Experian.
Other product and company names mentioned herein may be the trademarks of their respective owners.



Are you at risk for
**IDENTITY THEFT?**
Low-Risk
Help reduce your risk with ProtectMyID™ from Experian™
Get Protected
with enrollment in PMID
⊡ Experian

Add Triple Alert℠ Credit Monitoring for only $4.95 per month!

Get the Score!
Add your Credit Score for only $7.95